■     In the Matter of NICHOLAS KLEIN, Doing Business as DOW NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Social Services which decertified petitioner as a provider of skilled nursing home care in accordance with the provisions of title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 et seq.). The issue presented in this proceeding is whether respondents' determination in refusing to grant a waiver to petitioner of strict compliance with the requirements of the Life Safety Code of the National Fire Protection Association is supported by substantial evidence. (See Matter of Maxwell v. Lavine, 41 A D 2d 346; Matter of Trumbull v. Lavine, 41 A D 2d 349; Matter of Pollock v. Lavine, 41 A D 2d 352.) At the hearing, respondents' expert testified that the petitioner's nursing home did not fully comply with the Life Safety Code. Petitioner testified to the existence of certain alternative measures and to his willingness to correct other items of non-compliance. While he also testified that, in his opinion, a waiver of strict compliance with the Code would not adversely affect the health, welfare and safety of the patients, there was no testimony to such effect by a qualified expert witness. Nor did petitioner produce an expert on the question of whether the alternate measures taken or to be taken by petitioner would secure a level of safety nearly equivalent to that prescribed by the code. Consequently, we find substantial evidence in support of the respondents' determination denying a waiver. (Trumbull v. Lavine, supra.) Determination confirmed, and the petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.